IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNESTINA MARTINEZ, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AARON THOMAS COMPANY, INC.,<br><br>Defendant. | No. 1:22-cv-05516 |

**NOTICE OF REMOVAL**

Defendant Aaron Thomas Company, Inc. ("ATC") hereby removes this putative class action from the Circuit Court of Will County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Act Fairness Act ("CAFA") because minimal diversity exists and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.      Overview of Claims Asserted and Relief Sought.**

Plaintiff Ernestina Martinez ("Martinez" or "Plaintiff") alleges that ATC required its employees to use their fingerprint as a means of authentication in violation of the Illinois Biometric Information Privacy Act (BIPA), 740 ILCS 14/1, *et seq*. *See, e.g.*, Compl. ¶¶ 25-35, 37-43, attached as part of Exhibit A, which contains "a copy of all process, pleadings, and orders served upon" ATC.  28 U.S.C. § 1446(a).[1]

---

[1] Plaintiff's Complaint also alleges that ATC supplied employee time tracking systems to "clients" and that ATC provides "the time management services, software, and equipment." *See, e.g.*, Compl. ¶¶ 26, 30. While these allegations are not pertinent to the issues raised in this notice of removal, ATC notes that it is

Plaintiff asserts that at least five separate claims under BIPA on behalf of herself and a putative class. *See* Ex. A. First, Plaintiff alleges ATC failed to obtain written release before obtaining Plaintiff's biometric information, in violation of BIPA Section 15(b)(3). Compl. ¶ 58. Second, Plaintiff alleges ATC failed to properly inform Plaintiff or the Class in writing that their biometrics were being collected, stored, or otherwise obtained and of the specific purpose and length of term for which those biometrics were being collected, stored, and used, as required by BIPA Section 15(b)(1)-(2). *Id.* ¶¶ 59-60. Third, Plaintiff alleges ATC does not provide a written, publicly-available retention schedule and guidelines for permanently destroying the biometrics of Plaintiff or the Class in violation of BIPA Section 15(a). *Id.* ¶ 61. Fourth, Plaintiff alleges that ATC systematically and automatically disclosed or otherwise disseminated Plaintiff's and the Class's biometric information without first obtaining consent in violation of Section 15(d)(1). *Id.* ¶ 62. Fifth, Plaintiff alleges that ATC profited from the collection and use of biometrics as alleged in the Complaint in violation of BIPA Section 15(c). *Id.* ¶ 63.

Plaintiff defines the putative class as follows:

> All persons who had their fingerprints or handprints collected, captured, received, otherwise obtained, or disclosed by ATC while in Illinois.

*Id.* ¶ 44. Plaintiff seeks as relief, among other things, "liquidated damages for *each* of ATC's violations of BIPA."[2] *Id.* ¶¶ 67, C ("WHEREFORE" Paragraph). Plaintiff also seeks "injunctive and other equitable relief" and "reasonable litigation expenses and attorneys' fees" as well as "pre- and post-judgment interest." *Id.* ¶¶ D–G.

---

not, and never has been in the business of providing "time management services, software, and equipment." Rather, ATC is a manufacturer and contract packager specializing in snack foods, nutritional supplements, and organic food packaging services.

[2] Under BIPA, a plaintiff may recover "liquidated damages of $5,000 or actual damages, whichever is greater" for each intentional or reckless violation. 740 ILCS 14/20(2).

II.     **Removal is Proper under CAFA.**

This Court has jurisdiction under CAFA because this lawsuit is a purported "class action" (*id.* ¶¶ 44–48) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *id.* at § 1446 (permitting removal).

A.      **Minimal Diversity Exists.**

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of Illinois. Compl. ¶ 10. By contrast, ATC has its principal place of business in, and is incorporated in, California, and is therefore a citizen of California. *See* Declaration of Emiko Bacon ("Bacon Decl") Attached as Exhibit B ¶ 5; 28 U.S.C. § 1332(c)(1) (deeming a corporation a citizen of both the state "where it has its principal place of business" and its state of incorporation).

B.      **Amount in Controversy Exceeds $5,000,000.**

Here, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The Complaint asserts at least five types of alleged violations, and seeks statutory damages for "each" violation (*e.g.,* Compl. ¶¶ 67, C ("WHEREFORE" paragraphs)). CAFA requires "the claims of the individual [purported] class members [to] be aggregated." 28 U.S.C. § 1332(d)(6).

The Plaintiff seeks to represent a Class of similarly situated individuals who had their fingerprints or handprints obtained by ATC. Compl. ¶ 44. Plaintiff alleges that "ATC has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of individuals who fall into the definition of the Class" and that each class

member is entitled to statutory damages of up to $5,000 for each of at least five alleged BIPA violations. Compl. ¶¶ 45, 58-63, 67. Broken down, then, Plaintiff is seeking damages of at least $25,000 for each putative class member – and there are "at least hundreds" of putative class members. *Id.* ¶ 45. There need be only 201 to exceed the $5 million threshold CAFA demands. ATC has employed more than 201 employees in Illinois during the five years prior to the filing of this Complaint. Bacon Decl. Ex. B ¶ 7. Indeed, ACT estimates that it employed over a thousand employees in Illinois over the five years prior to the Complaint being filed.[3] Bacon Decl. Ex. B ¶ 7. Thus, by Plaintiff's allegations, the amount in controversy is readily satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").[4]

**III.    The procedural requirements for removal have been satisfied.**

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1444(b). ATC was served on September 7, 2022. Ex. A (Affidavit of Service of Process); Ex. B at ¶ 6. Counting forward 30 days comes to October 7, 2022. ATC is today timely filing this Notice with the Circuit Court of Will County, along with an executed copy of the Notice of Filing Notice of Removal attached hereto as Exhibit C. ATC is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

---

[3] Illinois courts have not decided if a five-year, two-year, or one-year statute of limitations applies to BIPA claims.
[4] Although the amount in controversy exceeds $5 million for removal purposes, ATC denies liability or that Plaintiff is entitled to any such damages.

Dated: October 7, 2022	Respectfully submitted,

	AARON THOMAS COMPANY, INC.

	By: /s/ William F. Northrip
	William F. Northrip
	SHOOK, HARDY & BACON L.L.P.
	111 South Wacker Drive, Suite 4700
	Chicago, IL 60606
	Tel: (312) 704-7700
	Fax: (312) 558-1195

	***Attorneys for Defendant Aaron Thomas Company, Inc.***

## CERTIFICATE OF SERVICE

    I, William F. Northrip, an attorney, hereby certify that on **October 7, 2022**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Martinez v. Aaron Thomas Company, Inc.*, Case No. 2022LA000248, in the Circuit Court of Will County, addressed as follows:

        Mara Baltabols
        David Fish
        FISH POTTER BOLANOS, P.C.
        200 East Fifth Avenue, Suite 123
        Naperville, IL 60563
        mara@fishlawfirm.com
        dfish@firshlawfirm.com

        ***Attorneys for Plaintiff***

                                /s/William F. Northrip
                                William F. Northrip