IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNESTINA MARTINEZ, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff,*<br><br>v.<br><br>AARON THOMAS COMPANY, INC.,<br><br>*Defendant,* | Case No.: 1:22-cv-05516<br><br>Hon. Jeffrey I. Cummings |

**FINAL APPROVAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff Ernestina Martinez ("Plaintiff"), and Aaron Thomas Company, Inc. ("Defendant") (collectively, "the Parties"), as set forth in the class action Settlement and Release Agreement, between Plaintiff and Defendant (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1. Capitalized terms not otherwise defined in this Final Approval Order have the same meaning assigned to them in the Parties' Settlement Agreement.

2. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated November 7, 2023, and the Court-approved Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator, Analytics Consulting LLC,

1

to Settlement Class Members by direct mail and email where available. The Parties also established a publicly-available settlement website with the Notice and Settlement Agreement. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

3. No Settlement Class Members submitted timely and valid requests for exclusion from the Settlement in accordance with the Notice procedures.

4. No Settlement Class Members submitted timely objections to the Settlement in accordance with the Notice procedures.

5. The Court has read and considered the papers filed in support of this Order for Final Approval, including the Settlement Agreement and exhibits thereto and supporting declarations.

6. The Court held a Final Approval Hearing on February 6, 2024, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

7. For settlement purposes only, the Court grants final certification of the class that the Court preliminarily certified for settlement purposes in its Preliminary Approval Order, a Settlement Class consisting of the following Subclasses:

**Subclass 1:** All individuals working for Defendant who used timekeeping technology which utilized a scan of individuals' hands and/or fingers, or anything that allegedly could be covered as biometric identifiers or biometric information under the Illinois Biometric Information Privacy Act, in the State of Illinois and who do not timely exclude themselves from the settlement and who did not sign an agreement to arbitrate claims.

**Subclass 2:** All individuals working for Defendant who used timekeeping technology which utilized a scan of individuals' hands and/or fingers, or anything that allegedly could

be covered as biometric identifiers or biometric information under the Illinois Biometric Information Privacy Act, in the State of Illinois and who do not timely exclude themselves from the settlement and who did sign an agreement to arbitrate claims.

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly executed and filed a timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors or assigns of any such excluded persons.

8. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representative and Settlement Class Members' claims weighed against the Defendant's defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Amount as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties' counsel; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

9. The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

10. The Court awards $10,220.00 to the Settlement Administrator, Analytics Consulting LLC, for its work administering the Settlement, which is payable from the Gross Settlement Amount as described in the Settlement Agreement.

11. The Court awards Settlement Class Counsel 35% of the Gross Settlement Fund ($848,200.00), in attorney fees, which equals $296,870.00, and $459.58 in litigation costs, which are payable from the Gross Settlement Amount as described in the Settlement Agreement.

12. The Court awards Settlement Class Representative Ernestina Martinez $7,500 as an Incentive award, which is payable from the Gross Settlement Amount as described in the Settlement Agreement.

13. Upon the Effective Date, each Settlement Class Member who has not been excluded from the Settlement, shall be deemed to have granted the releases set forth in section VII of the Settlement Agreement.

14. The Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective. The Court finds that Plaintiff has, and the Settlement Class Members are deemed to have, knowingly waived the protections of any law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542 which provides: ***A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.***

15. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata*

4

preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, and agents, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

17. If the Settlement Agreement and the Final Approval Order and Judgment are reversed, vacated, or modified in any material respect, the Settlement Agreement and this Order and Judgment shall have no force or effect and will not be binding upon any Party. In any such event, the Parties shall be restored, without waiver, to their respective positions as of the date the Settlement Agreement was executed; the litigation shall proceed as though the Settlement Class had never been certified; and any amount paid by Defendant to fund the settlement shall be returned to the Defendant, less any costs incurred by the Settlement Administrator for issuing the Notice.

18. Neither this Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an

admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

19.  This matter is dismissed with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Settlement Class Members' claims against Defendant Aaron Thomas Company, Inc.

Entered: February 6, 2024

Hon. Jeffrey I. Cummings